Exhibit A:

STATE OF COLORADO )
) ss.    22CR231
COUNTY OF EAGLE )

IN THE COUNTY/DISTRICT COURT
DATE FILED: September 19, 2022

FILED IN THE
COMBINED CLERK'S OFFICE
SEP 19 2022
EAGLE COUNTY, COLORADO
BY: _____

## AFFIDAVIT IN SUPPORT OF ARREST WARRANT

Your Affiant, Gianni Robinson, is a duly sworn Investigator for the 5th Judicial District Attorney's Office since May of 2021 and is certified as a Peace Officer for the State of Colorado for all times during this investigation. Your Affiant has been certified and employed as a Peace Officer in the State of Colorado since May of 1999 with the Eagle County Sheriff's Office until July of 2020. Your Affiant has participated in and conducted numerous investigations, including complex felony criminal investigations.

The information contained in this Affidavit is based upon information compiled from personal involvement, witness/suspect interviews, fellow law enforcement officers, informants, and by reading official police reports. The facts contained in this Affidavit can be found in the official 5th Judicial District Attorney's Office offense case report EC2022-07-0001.

On or About May 26, 2022, your Affiant was notified by the Eagle County District Attorney's Office that Eagle County Judge Rachel Olguin-Fresquez had received in the mail, a 2021 Internal Revenue Services (IRS) 1099-A Acquisition or Abandonment of Secured Property forms completed by a defendant, (Eagle County Docket 21M232 and 22T287) Adrienne Avril PERER DOB 08/04/1973, claiming to be the Lender. PERER has been identified as a self-proclaimed "Sovereign Citizen". The envelope appeared to be an official IRS document printed "IMPORTANT TAX RETURN DOCUMENT ENCLOSED".

The Lender (PERER) completed the 1099-A forms via a computer through an online Internal Revenue Service | An official website of the United States government (irs.gov) making a claim of $3,000,000.00, indicating the borrower, Rachel Olguin-Fresquez was liable for repayment of the debt. The form included the Lender's TIN (tax ID number) 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 which is PERER's assigned Social Security Number. The Borrower's TIN was left blank. The form referenced an account number and description of property CR2021M232-RJOF. This is the docket case number 2021M232, which Judge Rachel Olguin-Fresquez was presiding over this case (and 22T287) in her court.

On May 27, 2022 Judge Fresquez filed a Motion For Recusal to 5th Judicial District Chief Judge Paul Dunkelman. In the Motion for Recusal, Judge Fresquez stated, "Although no such relationship or transaction exists, the mere allegation raises an appearance of impropriety if Judge Fresquez remains as the judicial officer hearing the case." The case was set for Court Trial on June 27, 2022. Chief Judge Dunkelman ordered the transfer of the case to State of Colorado Senior County Judge Raymond Satter.

Eagle County Combined Courts notified the Colorado Attorney General's Office of the fraudulent tax filings. The COAG's Office requested the assistance of Special Agent (SA Morgan) Cullen Morgan with Treasury Inspector General for Tax Administration – Mountain Central Field Division. The Colorado AG's Office considered the filing to be a "fraudulent misuse of IRS forms and harassment of a judge".

SA Morgan conducted the investigation to determine if the United States Attorney's Office would file a Federal Complaint in this matter. On June 15, 2022, United States Attorney's Office, District of Colorado, Chief, Economic Crimes Section MARTHA PALUCH was contacted regarding ADRIENNE PERER. PALUCH was provided with details of the investigation, and she advised the United States Attorney's Office would not pursue criminal charges against PERER in lieu of charges to be pursued by the local District Attorney's Office.

*[Handwritten annotations across page: "Presumptive and affirm no movement with a prima facie by an employee First standing claimed with corporation Authority of a private without jurisdiction"]*

*[Handwritten signature at bottom: "By: adrienne avril: perer   11/29/2022   without recourse"]*

Upon reviewing the case of 2021M232, ECSO incident 2021000516 revealed that on April 13, 2021, Eagle County Sheriff's Office (ECSO) Deputy Jordan Harrison pulled over PERER when the deputy noticed PERER's Ford Flex having attached to the rear of the vehicle a fictitious license plate, not issued by the State of Colorado, and associated to sovereign citizen ideology. The ECSO deputy requested Avon Police Department assistance as the stop occurred at 211 Nottingham Road, Avon, CO.

PERER was advised that she was stopped due to the fictitious license plate. PERER argued with the ECSO deputy over the legality of the traffic stop claiming she was not using the vehicle for commerce and had the right to travel. PERER was asked for her driver's license, vehicle registration, and proof of insurance, but she refused to provide them. PERER continued to refuse to cooperate during the traffic stop, and she was advised that she was being placed under arrest. PERER initially resisted the ECSO deputy and the Avon Police Officer, but she was subsequently placed in handcuffs and secured in the back of a patrol vehicle.

PERER was issued a citation for obstructing a police officer, no insurance, unregistered vehicle, and fictitious plate. PERER was then released from the scene. PERER's home address was listed as 211 Nottingham Road, #D, Avon, CO 81620.

SA Morgan interviewed Judge Fresquez regarding the 2021 IRS 1099-A form she received:

Judge Fresquez advised the 2021 IRS Form 1099-A was received by their clerk's office on May 23, 2022, and it was given to her on May 24, 2022. She explained that she was presiding over two court cases involving ADRIENNE PERER; however, she has requested recusal on both after receiving this Form 1099-A.

Judge Fresquez stated the address listed under her name of 855 Chamber Ave, Eagle, CO 81631 was the address to the courthouse, and not her personal address. She confirmed her Social Security Number (SSN) was not listed in the Borrower's TIN section of the IRS Form 1099-A. She added that she will scan and send the envelope used to send the mailing to the clerk's office for review, as it did look "official." She has not received any correspondence from the IRS related to this IRS Form 1099-A.

She stated she has not dealt with this type of filing before, so she was not sure how it would affect her. She wanted to know if there would be IRS ramifications, or if this would somehow affect her personally. She did not know what to do. She requested any help and assistance regarding the document.

While discussing various IRS filings and records, and how they are associated to an individual's SSN, she recalled that at the end of a court case hearing, PERER did ask her for her SSN, which she did not provide. She stated PERER likely would have used her SSN on the IRS Form 1099-A.

On or About June 8, 2022, additional 1099-A forms were addressed and received by Eagle County Combined Courts, Court Clerk Malinda Hollis, Eagle County Sheriff James VanBeek, Detective Jordan Harrison and Eagle County Deputy District Attorney Cara Dunkelman. DDA Dunkelman was the assigned prosecutor on both cases 21M232 and 22T287.

SA Morgan interviewed Sheriff James VanBeek:

VanBeek advised the 2021 IRS Form 1099-A was sent to his office address, and he acknowledged it did not contain his Social Security Number. He explained that PERER is a known sovereign citizen, and that the court case number on the IRS Form 1099-A related to when one of his deputies pulled over PERER last year for not

2

having legitimate State of Colorado license plates. He stated PERER told his deputy that she was a "traveler" and could not pull her over. PERER refused to provide her driver's license to the deputy, so a finger print machine was used to get her name during the traffic stop before she was cited.

VanBeek added that about a month ago (May 2022), PERER failed to show up in court for a hearing two times. When PERER did show up, Judge Fresquez advised her that a warrant for her arrest could be issued if she missed her court appearances. PERER argued with the judge, and she claimed she could not be charged while using sovereign citizen language. VanBeek stated PERER refused to cooperate with the judge. He stated PERER later told him that he needed to remove the citation, but he told her that he could not and explained the law to her. He stated PERER did not want to listen to his law explanation and argued with him.

VanBeek was aware that PERER had also sent IRS Forms 1099-A to an Eagle County judge, as well as the Eagle County Court. He was concerned if this IRS Form 1099-A would affect him personally, and if so, what did he need to do to resolve it.

On June 14, 2022, ADRIENNE PERER was attempted to be interviewed in person at 211 Nottingham Road, #D, Avon, CO, but she was reportedly unavailable. As such, SA Morgan and your Affiant called PERER at (970) 376-4031. The phone call contact was recorded by your Affiant. PERER was advised the purpose of the contact involved fraudulent Internal Revenue Service (IRS) Forms 1099-A, Acquisition and Abandonment of Secured Property, that she submitted in the names of several public officials.

ADRIENNE PERER provided the following information, in summary:
PERER confirmed submitting IRS Forms 1099-A to the IRS on Pennsylvania Ave in Washington D.C., as well as reportedly sending IRS Forms W-4, Employee's Withholding Certificate. She claimed the Forms W-4 were submitted because "they" were using her Social Security Number without her consent. She stated she submitted the IRS forms under duress and stress because she was being dragged through the court system, and she does not belong there. She stated "they" are not listening to her, so she did not know what else to do, and she believed the IRS and Treasury would help.

PERER referred to the Avon, CO, and Eagle, CO public officials as "they," for the purposes of this interview.

PERER claimed the purpose of submitting the IRS forms was due to "a third party" coming after her, and how they will not leave her alone. She cited it involved a "beneficial interest user birth certificate." She claimed they have no business with her. She claimed she has not harmed or injured anyone and done nothing wrong.

PERER stated she ordered the IRS forms online via IRS.gov, and she filled them out online before mailing them. She did not know how many IRS forms she sent out, but she believed it could be at least a dozen.

PERER identified the names to use on the IRS forms from various court documents she received. She claimed these individuals were trying to be witnesses against her, but she had never met them. She claimed they were employing her Social Security Number against her, which was not due process.

PERER stated she listed $3,000,000 on the IRS Forms 1099-A because it was the maximum value of a note they could assess against her.

PERER was advised that the fraudulent use of IRS forms in this manner is a Federal offense. PERER denied any wrongdoing in submitting the IRS Forms 1099-A against public officials. She claimed they were coming after her, and she was the victim. She asked why the IRS Forms 1099-A were considered false, and asked the reporting special agent to help her file "correct" IRS forms. She claimed they were "pirating" her.

PERER stated she read the IRS Form 1099-A's instructions online and submitted them on her own. She claimed no one was helping her, but reiterated her request for the Treasury's help because she was being treated like a criminal. She claimed she was trying to report them for how much they were taking for a private profit and gain.

PERER was advised that her activity could result in criminal harassment charges against her. She denied engaging in harassment, and she claimed they were harassing her. She believed the IRS Form 1099-A was to claim abandoned property, but did not explain what property was related to the listed debt. She again claimed she was the victim because they were creating liabilities against her.

Based on the information being provided by PERER, she was advised no further information would be needed at this time. She then disconnected the telephone call. A short time later, PERER called SA Morgan back. She claimed there was a confusion of her "filing" these IRS forms versus "reporting" information because she was seeking remedy and relief. She claimed she would send the reporting special agent additional clarification.

On June 15, 2022, SA Morgan received a Facsimile at his office in Denver. The fax was a handwritten note from PERER and contained the following, in summary:

"Notice to agent is notice to principal and notice to principal is notice to agent."

PERER claimed her actions were a mistake, and how she acts with good faith intentions. She claimed she aims to be a steward and trust protector. She asked the reporting special agent, the Treasury, or the IRS to adjust the information if she used the wrong forms.

PERER wrote the retaliation from Eagle County Colorado is improper and a violation. PERER advised it was not the reporting special agent's duty to cause harm, threats, or injury to her; the living woman.

PERER believed the Internal Revenue Service (IRS) Form 1099-A, Acquisition or Abandonment of Secured Property, was an information form to be administered on behalf of the beneficial interest of the decedent estate.

PERER advised any future visit to her home by the reporting special agent will be considered an act of trespass, aggression, and intimidation.

SA Morgan interviewed Avon Police Sergeant Tyler Churches regarding an IRS 2021 1099-A form he had received at the Avon Police Department:

Sgt. Churches stated his involvement with PERER was related to a March of 2022 traffic stop. He pulled her over related to the continued use of sovereign citizen license plates. He stated she used "YouTube" style sovereign citizen talking points. PERER was parked outside of her residence during the traffic stop, so he issued her a summons for driving without a registration and driving under restraint. He added PERER is well known to the Avon Police Department because of her behavior during the COVID-19 pandemic involving mask mandates. He had no other contacts with PERER.

SA Morgan interviewed Avon Police Chief Greg Daly regarding an IRS 2021 1099-A form he had received at the Avon Police Department:

Chief Daly considered the acts of submitting these false IRS Forms 1099-A to be "screwing" with government officials. He was very upset when he first saw the IRS Form 1099-A, and he was tired of it happening. He stated it was a "mockery of the government". He stated he had one interaction with PERER about a year ago. He explained PERER was upset with mask mandates and disobeying public orders. PERER came to the Avon Police Department to discuss her disagreement of mask mandates, and she refused to follow the laws. Other than that, he had no further interactions with PERER.

SA Morgan conducted an inquiry with the IRS involving all the individuals who had reported receiving a 2021 IRS 1099-A form in the mail from PERER. The individual IRS records did not identify any 1099-A records within their files. This was largely due to PERER not knowing and not adding a TIN (Tax ID Number-Social Security Number).

SA Morgan interviewed 5th Judicial District Chief Judge Paul Dunkelman regarding receiving an IRS 1099-A form on or about June 21, 2022. District Chief Judge Dunkelman stated the following, in summary:

Judge Dunkelman advised that he has not presided over any of PERER's cases; however, his name was on the order assigning Senior Judge Raymond Satter to PERER's ongoing court cases after Judge OLGUIN-FRESQUEZ recused herself after receiving a fraudulent IRS Form 1099-A from PERER. He has had no personal contact with PERER. He believed PERER was trying to intimidate judges by filing these fraudulent IRS Forms 1099-A so they will not prosecute her or dismiss her cases.

SA Morgan interviewed Senior Judge Raymon Satter regarding the IRS Form 1099-A that was sent to the Eagle County Combined Courts in his name. Judge Satter was unaware of receiving this until the day of the scheduled court trial on July 27, 2022. Judge Satter stated the following, in summary:

Judge Satter advised that he took over PERER's ongoing court cases after Judge Olguin-Fresquez recused herself after receiving a fraudulent IRS Form 1099-A from PERER. He had a court hearing with PERER yesterday, and he felt like he was shouting over PERER. PERER was not initially being cooperative, which made the hearing a challenge. Judge Satter wondered what PERER was hoping to gain by filing fraudulent IRS Forms 1099-A against Eagle County public officials and judges. He opined the IRS would know the IRS Forms 1099-A were fraudulent, and the IRS would not make them liable for the $3,000,000 listed in the form.

Judge Satter was unable to convene the scheduled trial with PERER on July 27, 2022, despite the preparedness and availability of witnesses and the Eagle County District Attorney's Office. Judge Satter continued the trial set for October 4, 2022 in Eagle County Courts. Judge Satter did not indicate any decision to recuse himself from the case due to receipt of the IRS 1099-A form sent in his name.

The above are interview summaries and are not intended to be a verbatim account or complete memorialization of all statements made during the interviews. Communications by the parties in the interview were electronically recorded, which captured the actual words spoken.

Based on the information above, your Affiant believes probable cause exists to show that Adrienne Avril PERER committed the offense(s) of:
Colorado Revised Statutes: (Effective March 1, 2022)

### 18-8-306 Attempt to Influence a Public Servant, a class 4 Felony (NINE Counts)
Adrienne Avril PERER on or about May 23, 2022 and June 8, 2022 in Eagle County, State of Colorado, attempted to influence a Public Servant(s) Named;
- Eagle County Judge Rachel Olguin-Fresquez, Eagle County Combined Court Clerk Malinda Hollis, 5th Judicial District Chief Judge Paul Dunkelman, State of Colorado Senior County Judge Raymond Satterfield, Eagle County Deputy District Attorney Cara Dunkelman, Eagle County Sheriff James VanBeek, Eagle County Detective Jordan Harrison, Town of Avon Chief of Police Greg Daly, and Town of Avon Police Sergeant Tyler Churches.
- By threat of economic reprisal against any person(s), through electronically filing IRS 2021 form 1099-A $3,000,000 outstanding balance of principal.

5

According to law enforcement records: Adrienne Avril PERER is described as a white female, 5'09" tall and 130 pounds with brown hair and green eyes. PERER has a Colorado driver's license number of 941091272, last four numbers of social security number of 0156, and her birth date is 04/08/1973. PERER's last known residence is 211 Nottingham Rd, Unit D, Town of Avon, Eagle County, Colorado 81620.

_____
Affiant, Investigator Gianni Robinson

_____
Notary Public
My Commission Expires on  10/19/2023

Subscribed and sworn to before me this  19th  day of  September , 20 22 , in the County of Eagle, State of Colorado.

By the Court:

_____
Jonathan Shamis
County Court Judge
District Court Judge

7

**Exhibit A: Overreach, no authority, no jurisdiction**

| District/County Court, Eagle County, Colorado<br>885 Chambers Ave<br>P.O. Box 597<br>Eagle, CO 81631<br>Phone(970)328-6373 | |
|---|---|
| Plaintiff: **PEOPLE OF THE STATE OF COLORADO**<br><br>vs.<br><br>Defendant: **ADRIENNE AVRIL PERER** | |
| Joseph R. Kirwan<br>Assistant District Attorney, Fifth Judicial District<br>P. O. Box 295<br>Eagle, Colorado 81631<br>Phone: 970-328-6947<br>Fax: 970-328-1016<br>Attorney Registration Number: 37684<br>Email:jkirwan@da5.us | Case Number: **22CR231**<br><br>Division: 4 |
| **MOTION TO REVOKE BOND, OR ALTERNATIVELY, MODIFY BOND CONDITIONS PURSUANT TO C.R.S. 16-4-105(3), AND ISSUE ARREST WARRANT** | |

    COMES NOW, the People of Colorado, through Heidi S. McCollum, District Attorney for the Colorado Fifth Judicial District, and her undersigned deputy, and hereby move this court to grant the People's motion to revoke bond, or alternatively, modify the conditions of bond pursuant to **C.R.S. 16-4-105(3)**, issue an arrest warrant, and as grounds therefore state:

1. The defendant is charged with twenty-nine (29) felony counts, alleging cybercrime, retaliation against a judge, retaliation against a prosecutor, attempt to influence a public servant, and forgery.
2. The defendant posted a $5000 surety bond. A condition of the bond is that she "shall not commit a felony while at liberty on bail." Further, this Court imposed additional bond conditions on October 24, 2022, prohibiting the filing of any documents in the name of a judicial officer or judicial employee, any prosecutor or employee of the district attorney's office, or any law enforcement officer or employee of any law enforcement agency. This was designed to prohibit the filing of fraudulent and false Internal Revenue Service documents with the federal government or any other governmental office, or any other false and fraudulent documents with any governmental offices.
3. On November 3, 2022, the clerk of the 5th Judicial Combined Courts brought to the District Attorney three Internal Revenue Service Forms 1099-B (Proceeds From Broker and Barter Exchange Transactions) which the defendant mailed to the Eagle County Courts, and received by the court clerk on October 31, 2022. These IRS forms allege that this defendant paid to the Eagle County Court the sum of $50,000 in each of her three pending cases, **21M232, 22T287**, and the instant action.
4. Of course, these documents are fraudulent. The defendant has not paid any sum of money to the Court in any of these cases. Each of these three documents are forgeries, and prosecutable under **C.R.S. 18-5-102**, class five felonies.
5. Additionally, while the defendant may not have violated the explicit bond conditions imposed by the Court in its order of October 24, 2022, the defendant has certainly violated the spirit of the order.

*Exhibit A: overreach, no Authority no jurisdiction*

6. It is clear that this defendant will not stop in filing false and fraudulent documents against individuals and now the Court as a whole. The defendant's bond should be revoked. The highest crimes charged in the Complaint and Information are class two felonies. The 5th Judicial Bond schedule sets bond in F2 property crimes at $25,000. The People move the Court to revoke bond, issue an arrest warrant, and set bond at $25,000 cash only, or a "must see judge" bond.
7. **C.R.S. 16-4-105(3)** authorizes the Court to impose any additional bond conditions.
8. Obviously, the conditions imposed on October 24, 2022, are insufficient to deter the defendant from filing phony IRS documents or other documents purporting to have some legitimacy. It is clear that the defendant's actions to this point has been to retaliate against members of the bench, prosecution, court staff, and law enforcement who dare to challenge her belief that she is above the law.
9. The People do not know what other specific alleged "legal documents" the defendant may anticipate filing against the presiding judge in this case, members of the district attorney's office, and law enforcement, but she should be prohibited against filing any such documents or initiate proceedings against any of the individuals referenced above.
10. A blanket prohibition of filing any documents against any entity or individual without prior approval of the Court should be an additional bond condition.
11. Attached and filed as Exhibits to this motion are the three envelopes stamped with the day of receipt by the court clerk, and marked as Exhibit 1; the three Forms 1099-B, marked as Exhibit 2; and the Appearance Bond, marked as Exhibit 3.

**WHEREFORE**, the People pray the Court to grant the motion to revoke bond, alternatively, modify bond conditions, and issue an arrest warrant for the reasons set forth above.

This the 3rd day of November, 2022.

        RESPECTFULLY SUBMITTED,
        HEIDI S. McCOLLUM, District Attorney

        /s/Joseph R. Kirwan
        Joseph R. Kirwan, A.R.N. 37684
        Assistant District Attorney

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed and served electronically via ICCES to all parties of record, this 3rd day of November, 2022.

/s/Joseph R. Kirwan

*Exhibit A: overreach—no Authority no jurisdiction*

| ☐ County Court   ☒ District Court   ☐ Juvenile Court | |
|---|---|
| EAGLE County, State of Colorado<br>Court Address:   885 Chambers Avenue, P.O. Box 597<br>             EAGLE, CO 81631 | |
| **PEOPLE OF THE STATE OF COLORADO, Plaintiff**<br><br>vs.<br><br>**ADRIENNE AVRIL PERER, Defendant.** | ▲COURT USE ONLY▲<br><br>Case Number: 22CR231 |
| **ORDER GRANTING MOTION FOR ADDITIONAL BOND CONDITIONS** | |

The Court having considered the People's motion for additional bond conditions pursuant to **C.R.S. 16-4-103**, and being otherwise sufficiently advised;

**IT IS HEREBY ORDERED** the motion is **GRANTED** and the defendant is prohibited from filing any documents naming any judicial officer or judicial employee, any prosecutor or employee of a district attorney's office or any law enforcement officer or employee of any law enforcement agency, with any government office, federal, state, or local without prior approval of this Court. This does not include any pleadings which the defendant may file in this action. It is also a condition of the bond that defendant comply with the mandatory protection order issued under C.R.S. 18-1-1001. **Violation of these conditions may result in revocation of the defendant's bond.**

This the 24th day of October, 2022.

*[signature]*

_____
Senior District Court Judge

*Exhibit A: all presumption no jurisdiction*

| | |
|---|---|
| District Court, Eagle County, Colorado<br>Eagle County Justice Center, 885 Chambers Ave<br>PO Box 597<br>Eagle, CO   81631 | DATE FILED: November 10, 2022 |
| THE PEOPLE OF THE STATE OF COLORADO<br>vs.<br>ADRIENNE AVRIL PERER,<br>Defendant | ☐ COURT USE ONLY ☐ |
| Heidi S. McCollum<br>Fifth Judicial District<br>District Attorney, # 31704<br>P O Box 295<br>955 Chambers Avenue<br>Eagle, CO   81631<br>Phone Number: 970-328-6947<br>Fax: 970-328-1016 | Case No: D0192022CR000231<br><br>Div: 2          Courtroom: |
| AMENDED COMPLAINT AND INFORMATION ||

**CHARGES: 32**

COUNT 1: CYBERCRIME, C.R.S. 18-5.5-102(1)(b),(3)(a)(IX) (F2){1503B}

COUNT 2: CYBERCRIME, C.R.S. 18-5.5-102(1)(b),(3)(a)(IX) (F2){1503B}

COUNT 3: CYBERCRIME, C.R.S. 18-5.5-102(1)(b),(3)(a)(IX) (F2){1503B}

COUNT 4: CYBERCRIME, C.R.S. 18-5.5-102(1)(b),(3)(a)(IX) (F2){1503B}

COUNT 5: CYBERCRIME, C.R.S. 18-5.5-102(1)(b),(3)(a)(IX) (F2){1503B}

COUNT 6: CYBERCRIME, C.R.S. 18-5.5-102(1)(b),(3)(a)(IX) (F2){1503B}

COUNT 7: CYBERCRIME, C.R.S. 18-5.5-102(1)(b),(3)(a)(IX) (F2){1503B}

COUNT 8: CYBERCRIME, C.R.S. 18-5.5-102(1)(b),(3)(a)(IX) (F2){1503B}

COUNT 9: Retaliation Against a Judge, C.R.S. 18-8-615(1) (F4){26075}

COUNT 10: Retaliation Against a Judge, C.R.S. 18-8-615(1) (F4){26075}

COUNT 11: Retaliation Against a Judge, C.R.S. 18-8-615(1) (F4){26075}

COUNT 12: Retaliation Against a Judge, C.R.S. 18-8-615(1) (F4){26075}

People v. Adrienne Avril Perer						Case No.: D0192022CR000231

*Exhibit A: all presumption no jurisdiction*

COUNT 13: RETALIATION AGAINST A PROSECUTOR, C.R.S. 18-8-616 (F4){26131}

COUNT 14: ATTEMPT TO INFLUENCE A PUBLIC SERVANT, C.R.S. 18-8-306 (F4){24051}

COUNT 15: ATTEMPT TO INFLUENCE A PUBLIC SERVANT, C.R.S. 18-8-306 (F4){24051}

COUNT 16: ATTEMPT TO INFLUENCE A PUBLIC SERVANT, C.R.S. 18-8-306 (F4){24051}

COUNT 17: ATTEMPT TO INFLUENCE A PUBLIC SERVANT, C.R.S. 18-8-306 (F4){24051}

COUNT 18: ATTEMPT TO INFLUENCE A PUBLIC SERVANT, C.R.S. 18-8-306 (F4){24051}

COUNT 19: ATTEMPT TO INFLUENCE A PUBLIC SERVANT, C.R.S. 18-8-306 (F4){24051}

COUNT 20: ATTEMPT TO INFLUENCE A PUBLIC SERVANT, C.R.S. 18-8-306 (F4){24051}

COUNT 21: ATTEMPT TO INFLUENCE A PUBLIC SERVANT, C.R.S. 18-8-306 (F4){24051}

COUNT 22: FORGERY, C.R.S. 18-5-102(1)(e) (F5){1001E}

COUNT 23: FORGERY, C.R.S. 18-5-102(1)(e) (F5){1001E}

COUNT 24: FORGERY, C.R.S. 18-5-102(1)(e) (F5){1001E}

COUNT 25: FORGERY, C.R.S. 18-5-102(1)(e) (F5){1001E}

COUNT 26: FORGERY, C.R.S. 18-5-102(1)(e) (F5){1001E}

COUNT 27: FORGERY, C.R.S. 18-5-102(1)(e) (F5){1001E}

COUNT 28: FORGERY, C.R.S. 18-5-102(1)(e) (F5){1001E}

COUNT 29: FORGERY, C.R.S. 18-5-102(1)(e) (F5){1001E}

COUNT 30: FORGERY, C.R.S. 18-5-102(1)(e) (F5){1001E}

COUNT 31: FORGERY, C.R.S. 18-5-102(1)(e) (F5){1001E}

COUNT 32: FORGERY, C.R.S. 18-5-102(1)(e) (F5){1001E}

- With intent thereby to alter or affect the public servant's decision, vote, opinion or action concerning any matter which is to be considered or performed by the public servant or the agency or body of which the public servant is a member is a member, (Eagle County cases 2021M232 and 2022T287 Judicial Procedures)

## 18-5-102(1)(e) Forgery, a class 5 Felony (NINE Counts)
Adrienne Avril PERER on or about May 23, 2022 and June 8, 2022 in Eagle County, State of Colorado, committed Forgery
- With intent to defraud, falsely makes, completes, alters, or utters a written instrument which is or purports to be, or which is calculated to become or to represent if completed (NINE IRS 2021 form 1099-A)
- A written instrument officially issued or created by a public office, public servant, or government agency- US Treasury Department Internal Revenue Service (IRS)

## 18-8-615(1)(a)(I), (2)(a) Retaliation against a judge or an elected official, a class 4 Felony (THREE Counts)
Adrienne Avril PERER on or about May 23, 2022 and June 8, 2022 in Eagle County, State of Colorado, committed Retaliation Against a Judge Named;
**Eagle County Judge Rachel Olguin-Fresquez**
**State of Colorado Senior County Judge Raymond Satter**
**5th Judicial District Chief Judge Paul Dunkelman**
- Committed an act of harassment, as defined in section 18-9-111(1) with intent to harass, annoy or alarm, as retaliation or retribution against a judge, which action is directed against or committed upon:
  - A judge who has served or is serving in a legal matter assigned to the judge involving the individua (Adrienne Avril Perer) or a person on whose behalf the individual is acting;

## 18-5.5-102(1)(b) Cybercrime, a class 2 Misdemeanor (NINE Counts)
Adrienne Avril PERER on or about May 23, 2022 and June 8, 2022 in Eagle County, State of Colorado, committed Cybercrime

- Accesses any computer, computer network, or computer system to access the internet website (Internal Revenue Service | An official website of the United States government (irs.gov)
- or any part thereof for the purpose of devising or executing any scheme or artifice to defraud:
  - Eagle County Judge Rachel Olguin-Fresquez, Eagle County Combined Court Clerk Malinda Hollis, 5th Judicial District Chief Judge Paul Dunkelman, State of Colorado Senior County Judge Raymond Satterfield, Eagle County Deputy District Attorney Cara Dunkelman, Eagle County Sheriff James VanBeek, Eagle County Detective Jordan Harrison, Town of Avon Chief of Police Greg Daly, and Town of Avon Police Sergeant Tyler Churches.
- Electronically submitted NINE fraudulent claims of monies owed ($3,000,000) through the reporting and submission of IRS 2021 Form 1099-A.

6