IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-03092-RMR-MEH

ADRIENNE AVRIL PERER,

    Plaintiff,

v.

HEIDI S. MCCOLLUM, District Attorney for Colorado's Fifth Judicial District,
JOSEPH R. KIRWAN, Assistant District Attorney,
CARA DUNKELMAN, Deputy District Attorney, and
GIANNI ROBINSON, Investigator,

    Defendants.

---

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Plaintiff's Motion to Intervene with an Injunction. ECF 2. Because Plaintiff has neither served Defendants nor has any Defendant otherwise made an appearance, this Court considers the Motion without awaiting a response. For the below reasons, the Court recommends that the Motion be denied, and the Court furthers that the Complaint should be dismissed without leave to amend.

### BACKGROUND

For purposes of this ruling, the Court accepts as true the factual allegations—but not any legal conclusions, bare assertions, or conclusory allegations—that Plaintiff raises in her Complaint. ECF 1. *See generally Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (accepting as true a plaintiff's factual allegations for purposes of Fed. R. Civ. P. 12(b)(6) analysis).

"Generally, the sufficiency of a complaint must rest on its contents alone." *Gee v. Pacheco,* 627 F.3d 1178, 1186 (10th Cir.2010). There are limited exceptions to this general rule by which a court may consider materials beyond the four corners of the complaint. *Id.* Two of

those exceptions are: "(1) documents that the complaint incorporates by reference [and] (2) documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Id*. A court may consider such documents when considering dismissal. *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) (permitting a court to take judicial notice of facts that are a matter of public record). *See also N.E.L. v. Gildner*, 780 F. App'x 567, 571 (10th Cir. 2019). On that basis, the Court includes for consideration the various documents that Plaintiff submits that are central to her claims for relief. This Court does so in order to better understand her grievance and theory of wrongdoing.

I.  **Alleged Facts**

Exhibit B that Plaintiff attaches to her Complaint contains her allegations of wrongdoing. In short, she describes "relentless attacks and abuses" by Defendants since April 13, 2021. ECF 1-2 at 1. Both her arrest on October 5, 2022–and the subsequent criminal proceedings (detention and added felony charges)–are contrary to the law, she contends. *Id*. The prosecutor Defendants conspired with Defendant Gianni Robinson to prepare an arrest affidavit that was based on "hearsay, presumptions, spurious accusations, and outright fallacies." *Id*. They instituted the criminal prosecution in retaliation for her "good faith effort to report a taxable event/events to the IRS." *Id*.

Defendants are "imped[ing] her ability to file crucial information into cases in which she is accused," in reference to the criminal proceedings, and they are "denying [her] the right to face a witness," meaning the prosecuting entity, "THE STATE OF COLORADO," which she regards as "a fictitious entity." *Id*. She objects to the revocation of her pre-trial bond on November 10, 2022. *Id*. at 2.

Plaintiff submits several filings from the criminal proceedings that are subject of her present claims for relief. The first document is the arrest warrant affidavit that Defendant Gianni

Robinson signed in his capacity as an investigator, the basis of which Plaintiff disputes. The affidavit recounts a traffic stop on April 13, 2021 that resulted in criminal charges for using a fictitious license plate on an unregistered vehicle for which she had no insurance. Plaintiff also was cited for obstructing a police officer. She was stopped again in March 2022 for the continued use of a false license plate. The Defendants commenced a criminal case in Colorado's Fifth Judicial District for purposes of prosecuting those charges. In May 2022, the presiding state court criminal judge warned her that continued failures to appear at hearings would result in the issuance of an arrest warrant. Thereafter, between May 23 and June 8 of 2022, Plaintiff filed 1099-A forms with the Internal Revenue Service in which she claimed millions of dollars of debt that several state court judges, the clerk of court, and law enforcement officials owe her. On June 15, 2022, the United States Attorney's Office declined to pursue criminal charges against Plaintiff, deferring to the local District Attorney's Office. The filing of the tax forms interfered with the progression of the existing criminal case, prompting recusals and trial postponement. ECF 1-1 at 1-6.

On November 3, 2022, Assistant District Attorney Kirwan moved to revoke Plaintiff's pre-trial release bond. At issue were three more tax forms that the clerk of court received on October 31, 2022. *Id*. at 7-8. Plaintiff mailed those forms after the state criminal court judge had amended her surety bond on October 24, 2022 to prohibit the filing of fraudulent or false documents in the name of judges, prosecutors, or law enforcement officers. *Id*. at 9.

On November 10, 2022, the District Attorney's Office for Colorado's Fifth Judicial District filed an Amended Complaint and Information. It asserted nine counts of forgery and cybercrime; three counts of retaliation against a judge or elected official; and eight counts of attempted influence of a public servant. *Id*. at 10-12.

## II.     Claims for Relief

She accuses the Defendants of filing false claims, malicious prosecution, deprivation of rights, unlawful incarceration, denial of due process, and duress. She furthers that they acted without jurisdiction and "ignored her refusal to contract." ECF 1-2 at 1.

She cites several federal statutes as her cause of action, most of which come from the criminal code, and as such, she lacks standing to base her civil lawsuit on them. *Kaplan v. Archer*, No. 11-cv-02094-PAB-CBS, 2012 WL 3277170, at *16 (D. Colo. July 3, 2012) (preventing a civil plaintiff from using a criminal statute as a private cause of action). *See also Safe Streets All. v. Hickenlooper*, 859 F.3d 865, 904 (10th Cir. 2017) (noting how a private citizen has no cognizable interest in the proper administration of the laws or the prosecution of another private citizen). Title 18 U.S.C. § 876 concerns threatening communications, and 18 U.S.C. § 1001 concerns fraud. Two of her cited statutes, 18 U.S.C. § 241 and § 242, do concern the subject of civil rights, but in the context of acts that constitute criminal offenses. Two others, 18 U.S.C. § 1346 and § 1961, simply define terms used elsewhere in the criminal code. Title 42 U.S.C. § 3617 is the one statute that does not come from the criminal code. That statute makes it unlawful to interfere with another's fair housing rights, a subject which this lawsuit does not concern. In the absence of a cognizable cause of action, this Court assumes for present purposes only that she seeks to vindicate constitutional rights under 42 U.S.C. § 1983.

Plaintiff commenced this federal civil action on November 30, 2022, just twenty days after the felony charges were added. Accompanying the Complaint is her Motion to Intervene with an Injunction.

## **LEGAL STANDARDS**

I.   **Fed. R. Civ. P. 12(b)(6)**

The purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of a plaintiff's complaint. *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. *Twombly* requires a two-prong analysis. First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Iqbal*, 556 U.S. at 679–80. Second, a court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, then the claim survives the motion to dismiss. *Id.* at 680.

Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *S.E.C. v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014) (quoting *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012)). "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Safe Streets All. v. Hickenlooper*, 859 F.3d 865, 878 (10th Cir. 2017) (quoting *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011)). Thus, while the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in a complaint, the elements

of each alleged cause of action may help to determine whether the plaintiff has set forth a plausible claim. *Khalik*, 671 F.3d at 1191.

However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action," so that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has made an allegation, "but it has not shown that the pleader is entitled to relief." *Id*. (quotation marks and citation omitted).

**II.     Fed. R. Civ. P. 12(b)(1)**

Rule 12(b)(1) empowers a court to dismiss a complaint for lack of subject matter jurisdiction. Dismissal under it is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. *Butler v. Kempthorne*, 532 F.3d 1108, 1110 (10th Cir. 2008) (recognizing federal courts are courts of limited jurisdiction and "there is a presumption against our jurisdiction"). A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1016 (10th Cir. 2013). Rule 12(b) review entails "admit[ting] all well-pleaded facts in the complaint as distinguished from conclusory allegations." *Smith v. Plati*, 258 F.3d 1167, 1174 (10th Cir. 2001). Plaintiff bears the burden of establishing that this Court has jurisdiction to hear her claims. *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1151 (10th Cir. 2015).

## **ANALYSIS**

**I.      Federal Subject Matter Jurisdiction**

The reliance on criminal statutes (as well as an unrelated fair housing statute) means that Plaintiff pleads no cognizable basis for judicial relief. This defect alone compels dismissal. *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007); *Schmeling v. NORDAM*, 97 F.3d 1336, 1344 (10th Cir.1996). The defect also means that she raises no question of federal law by which to invoke this Court's subject matter jurisdiction. Nevertheless, even if federal subject matter jurisdiction did exist, *e.g.* on the basis of a 42 U.S.C. § 1983 theory of relief, this Court must abstain from exercising it to avoid interference with the state criminal court proceeding.

The *Rooker-Feldman* abstention doctrine, drawn from *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), prevents a federal district court from hearing claims that either were at issue before the state court or that are inextricably intertwined with the state court's ruling. The doctrine applies if a favorable ruling in the federal lawsuit requires finding the state court's ruling to be wrong or would render it ineffectual. *Crone v. Dep't of Hum. Servs.*, No. 11-cv-02270-WJM-CBS, 2012 WL 5832438 at *2-3. In other words, Plaintiff may not appeal a ruling by the state criminal court to this federal district court for the purpose of obtaining a different outcome. *Mo's Express, LLC v. Sopkin*, 441 F.3d 1229, 1233–34 (10th Cir. 2006); *Davis v. Schnurr*, 818 F. App'x 852 (10th Cir. 2020). Plaintiff bases her present challenge on arguments which are inextricably intertwined with the state criminal court's decisions.

However, the record suggests that the state criminal court proceeding has not yet concluded. Indeed, Plaintiff filed the instant civil lawsuit just twenty days after the Defendants had amended the criminal complaint. If the state court proceeding remains open and pending, then the abstention doctrine from *Younger v. Harris*, 401 U.S. 37 (1971) applies. *Younger* abstention

precludes a federal court from intruding into an ongoing state criminal prosecution, certain civil enforcement proceedings, or civil proceedings that involve certain orders uniquely in furtherance of the state court's ability to perform its judicial functions. *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013). *See also Kaplan*, 2012 WL 3277170 at *5. "*Younger* governs whenever the requested relief would interfere with the state court's ability to conduct proceedings, regardless of whether the relief targets the conduct of a proceeding directly." *Wolfe v. Ingram*, 275 F.3d 1253, 1272 (10th Cir. 2002). "Plaintiff's criminal proceedings . . . are of important interest to the State." *Kirchner v. Marshall*, No. 22-cv-01512-CNS-MEH, 2022 WL 16855692, at *6 (D. Colo. Nov. 10, 2022).

The instant federal lawsuit constitutes a direct challenge to both the underlying basis of the criminal charges that Colorado's Fifth Judicial District Attorney's Office has brought against Plaintiff as well as the course of the criminal case and the soundness of the presiding judges' decisions to date. The better forum for Plaintiff to raise her challenges is within that state criminal court case itself, and then to appeal to the appropriate state appellate court any decisions with which she disagrees.

Abstention warrants dismissal pursuant to Fed. R. Civ. P. 12(b)(1) without prejudice for lack of federal subject matter jurisdiction. *Elna Sefcovic, LLC v. TEP Rocky Mountain, LLC*, 953 F.3d 660, 668 n. 7 (10th Cir. 2020); *Kaplan*, 2012 WL 3277170 at *6.

## II. Motion to Intervene with an Injunction

The Motion that Plaintiff files along with her Complaint highlights the interfering effect this present federal lawsuit would have on the state criminal court proceeding. She uses it assert a wide variety of legal rights that she contends convey "sovereign citizen" status upon her and thereby insulate her from Colorado law. She also asserts the benefits of a contract that she says formed by default after Defendants left its proposal unopposed. Presumably, these are the same

8

sovereign citizen rights and contract formation matters that the Complaint and attached criminal case proceedings reference. The only direct action that the Motion requests is to have Plaintiff "added to the **DO NOT STOP / DO NOT DETAIN LIST** for Colorado." ECF 2 at 3. Exactly what that list is, and how this Court may enjoin the named Defendants to bring it about, Plaintiff leaves wholly unexplained. Moreover, it is a matter intertwined with the criminal charges that arose from her two traffic stops.

Overall, the Motion consists more of an assertion of rights than a request for injunctive relief against the Defendants. Consequently, there is no need to consider whether Plaintiff meets the standard to obtain ex parte injunctive relief (a standard which she does not include in her Motion anyway).

### III.   Prosecutorial Immunity

Even if the principles of abstention do not apply to deprive this Court of jurisdiction, Plaintiff still lacks a plausible claim of relief against the prosecutor Defendants. "It is well-established law that prosecutors enjoy absolute immunity for anything they do in their role as advocates when initiating and presenting a criminal case." *Clark v. Murch*, No. 21-cv-00390-PAB-MEH, 2022 WL 1642400, at *11 (D. Colo. May 24, 2022) (citing *Warnick v. Cooley*, 895 F.3d 746, 751 (10th Cir. 2018)). Plaintiff's Complaint entirely concerns actions by the prosecutor Defendants[1] that fall within the protected scope of prosecutorial conduct. Her Complaint therefore should be dismissed under Fed. R. Civ. P. 12(b)(6).

---

[1] Defendant Gianni Robinson works for the Fifth Judicial District Attorney's Office, but as an investigator rather than a prosecutor. This Court assumes for present purposes that prosecutorial immunity does not extend to him, but that the defense of qualified immunity would.

### V.     No Leave to Amend

Dismissal of a case is a harsh remedy, and a pro se litigant's pleadings are to be construed liberally. Generally, a court may give such a litigant the opportunity to amend the complaint to cure a pleading defect. *Hall*, 935 F.2d at 1109-10; *Reynolds v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990). However, a court may dismiss a complaint without an opportunity to amend if "it is patently obvious that plaintiff could not prevail on the facts alleged and allowing him an opportunity to amend his complaint would be futile." *Curly v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (quoting *Hall*, 935 F.2d at 1110). This Court does not see how Plaintiff can overcome the abstention and immunity protection barriers should she be given leave to amend. The application of the abstention doctrine and the presence of absolute immunity both present high bars to Plaintiff's ability to maintain this lawsuit. In *Gomez v. Nickerson*, No. 22-cv-01546-MEH, 2022 WL 4131436 (D. Colo. Sept. 12, 2022), this Court likewise recommended denial of leave to amend claims that sought interference with a state court child dependency case against a defendant who had absolute judicial immunity.

### CONCLUSION

Accordingly, the Court recommends[2] that Plaintiff's Motion to Intervene with an Injunction [filed November 30, 2022; ECF 2] be **denied.** This Court recommends that Plaintiff's

---

[2] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656,

Complaint be **dismissed without leave to amend** for sua sponte abstention and prosecutorial immunity findings, but that the dismissal be without prejudice to Plaintiff's ability to raise those arguments to defend against the charges that are pending against her in state criminal court. As such, this Court recommends this case be closed.

Respectfully submitted this 2nd day of December, 2022, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

---

659 (10th Cir. 1991)). <u>Finally, all parties must consult and comply with the District Judge's practice standards for any specific requirements concerning the filing and briefing of objections.</u>